UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>KELLIE ANNE JACOBS, in her individual and representative capacity as Trustee for The Kellie Anne Revocable Trust; VALLEY BREWING COMPANY, INC., a California Corporation, and Does 1-10,<br><br>    Defendants. | No.  2:14-cv-02323-JAM-EFB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

    Defendants Kellie Anne Jacobs ("Jacobs"), in her individual and representative capacity as Trustee of the Kellie Anne Revocable Trust, and Valley Brewing Company, Inc. ("Valley Brewing") (collectively "Defendants") contend the Court lacks subject matter jurisdiction over the claims in Plaintiff Scott Johnson's ("Plaintiff") complaint (Doc. #1) and have moved to dismiss (Doc. #8) pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").[1]  In his opposition (Doc. #9),

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 25, 2015.

1

Plaintiff argues this attack on the merits of his claims is premature and is better suited as a motion for summary judgment. The Court agrees.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Valley Brewing Company is a business establishment and place of public accommodation owned and operated by Defendants. Plaintiff is a California resident with physical disabilities. As a C-5 quadriplegic, he uses a wheelchair for mobility.

Plaintiff alleges there are significant accessibility issues at Valley Brewing Company involving features of the bar/counter, tables and bathroom. Plaintiff alleges he ate at Valley Brewing on two occasions and encountered these barriers. As a result, Plaintiff experienced difficulty and discomfort and has been deterred from visiting on subsequent occasions. The complaint states four causes of action arising out of these encounters: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.; (2) violation of the Unruh Civil Rights Act, California Civil Code §§ 51-53; (3) violation of the California Disabled Persons Act, California Civil Code §§ 54-54.8; and (4) negligence.

## II.   OPINION

A.   <u>Legal Standard</u>

Dismissal is appropriate under Rule 12(b)(1) when a district court lacks subject matter jurisdiction over the claim. When a defendant brings a Rule 12(b)(1) motion, the plaintiff has the burden of establishing subject matter jurisdiction. See

1  Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d 1095, 1102 n.1 (9th
2  Cir. 2007) ("Once challenged, the party asserting subject matter
3  jurisdiction has the burden of proving its existence.").  There
4  are two permissible jurisdictional attacks under Rule 12(b)(1): a
5  facial attack, where the court's inquiry is limited to the
6  allegations in the complaint; or a factual attack, which permits
7  the court to look beyond the complaint at affidavits or other
8  evidence.  Savage v. Glendale Union High Sch., 343 F.3d 1036,
9  1039 n.2 (9th Cir. 2003).
10      If the moving party asserts a facial challenge, the court
11 must assume that the factual allegations asserted in the
12 complaint are true and must construe those allegations in the
13 light most favorable to the plaintiff.  Li v. Chertoff, 482 F.
14 Supp. 2d 1172, 1175 (S.D. Cal. 2007) (citing United States v.
15 One 1997 Mercedes E420, 175 F.3d 1129, 1130-31 & n.1 (9th Cir.
16 1999) and Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136,
17 1139 (9th Cir. 2003)).  If the moving party asserts a factual
18 attack, the court "is free to hear evidence regarding
19 jurisdiction and to rule on that issue prior to trial, resolving
20 factual disputes where necessary."  Id. (citing Safe Air for
21 Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).
22      In resolving a factual attack, district courts "may review
23 evidence beyond the complaint without converting the motion to
24 dismiss into a motion for summary judgment."  Safe Air for
25 Everyone, 373 F.3d at 1039 (citing Savage, 343 F.3d at 1039 n.2).
26 Courts consequently need not presume the truthfulness of
27 plaintiff's allegations.  Id. (citing White v. Lee, 227 F.3d
28 1214, 1242 (9th Cir. 2000)).  "Once the moving party has

3

converted a motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (quoting Savage, 343 F.3d at 1039 n.2).

However, "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and the substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." Safe Air for Everyone, 373 F.3d at 1039 (internal citations and quotations omitted). Jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Id. (internal citations and quotations omitted).

  B. Discussion

    1. Jurisdiction and Standing

Defendants first contend that Plaintiff's ADA allegations are "moot." Defendants then argue that their expert "disagrees that any of Plaintiff's allegations of ADA violations pled in his Complaint are true, and as a matter of law, he is correct." MTD at p.7. Upon thorough analysis of Defendants' motion, in conjunction with the declaration filed by Defendants' counsel (Doc. #8-2) and the attached exhibits, it appears Defendants are contending that whatever barriers may have previously existed, "each and every claimed barrier to access has been altered to comply with applicable accessibility requirements." MTD at p. 9.

Exhibit C (Doc. #8-6) to the declaration of Defendants' counsel is a "Unilateral Stipulation of Voluntary ADA/Title 24 Compliance Prior to Service of Summons and Complaint" in which Defendants state that by the time they were served "Ms. Jacobs had made all relevant changes, but also more than what [Plaintiff] complained about."  Exhibit D (Doc. #8-7) is the report of Defendants' expert, Kim Blackseth, which contains his opinion that all alleged barriers have been removed as of his site inspection on January 14, 2015.

Defendants argue that because there are no longer any remaining barriers based on this evidence, Plaintiff's claims are moot and all that remains are state law claims.  They next argue the Court should decline to exercise supplemental jurisdiction over these remaining claims.  MTD at pp. 9-11.

Plaintiff responds to Defendants' arguments by contending that the question of jurisdiction and the merits of the action are so intertwined that the issue can and should be raised in a motion for summary judgment rather than a motion to dismiss. Opp. at pp. 2-4.  Additionally, Plaintiff argues that conversion of the instant motion to one for summary judgment would be "premature and unfair" as Plaintiff has not had the opportunity to conduct discovery or a site inspection to assess the alleged alterations performed by Defendants. Opp. at p.4,n.1

Defendants' motion represents a factual attack on the complaint because it "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction," namely whether barriers to access existed at Defendants' facility.  <u>Safe Air for Everyone</u>, 373 F.3d at 1039.  The Court

may therefore review evidence beyond the complaint, such as that relied on by Defendants here, in resolving such an attack on jurisdiction unless the issue of jurisdiction and the underlying merit of Plaintiffs claims are too intertwined.  Id.

Clearly the ADA provides the basis for both the subject matter jurisdiction of this Court and Plaintiff's substantive claims for relief.  Addressing the merits of Defendants' attack on jurisdiction would require the Court to resolve disputed issues of fact.  Thus, the Court finds that the issue of jurisdiction presented by Defendants and the substantive issues presented by this litigation are in fact so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of this action.  See Safe Air for Everyone, 373 F.3d at 1039 (internal citations and quotations omitted).  Therefore, a "jurisdictional finding of genuinely disputed facts is inappropriate."  Id.  Other courts in this district have come to the same conclusion under similar circumstances and an identical plaintiff.  See Johnson v. Conrad, No. 2:14-CV-00596-MCE, 2014 WL 6670054, at *4 (E.D. Cal. 2014); Johnson v. Hernandez, No. 2:14-CV-01635-MCE, 2014 WL 6670170, at *4 (E.D. Cal. 2014).

Rather than convert this motion into one for summary judgment at this early stage, the Court DENIES Defendants' motion to dismiss for lack of jurisdiction without prejudice in order to allow for discovery by both parties before the issue of mootness is addressed.  See Johnson v. Conrad, 2014 WL 6670054, at *4 (finding the conversion of a Rule 12(b)(1) motion "to one for summary judgment would be premature because Plaintiff has not yet

had the opportunity to engage in discovery and thus has not had the opportunity to develop the evidence he may need to rebut Defendants' 'facts'"); Johnson v. Hernandez, 2014 WL 6670170, at *4 (same conclusion); Johnson v. California Welding Supply, Inc., No. CIV. 2:11-01669 WBS, 2011 WL 5118599, at *4 (E.D. Cal. 2011).

### 2. Sanctions

Defendants contend Plaintiff and his counsel should be sanctioned for their conduct in this and other ADA cases. MTD at pp. 11-13. The Court has denied Defendants' motion and does not find a basis for imposing sanctions on Plaintiff or his counsel at this time. In addition, Defendants have failed to provide the Court with any evidence from which the Court could determine the amount of sanctions including billing records which reflect costs and billable hours. Defendants' request is DENIED.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss for lack of subject matter jurisdiction and DENIES Defendants' request for sanctions.

IT IS SO ORDERED.

Dated:  April 9, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE