UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>KELLIE ANNE JACOB, in her<br>individual and representative<br>capacity as Trustee—The<br>Kellie Anne Revocable Trust;<br>and VALLEY BREWING COMPANY,<br>INC., a California<br>Corporation,<br><br>            Defendants. | No.  2:14-cv-02323-JAM-EFB<br><br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION FOR LEAVE TO FILE A FIRST<br>AMENDED COMPLAINT** |

Presently before the Court is Plaintiff Scott Johnson's ("Plaintiff's") Motion for Leave to File a First Amended Complaint (FAC) (Doc. #36).  Plaintiff brought this action based on barriers to access he encountered at the Valley Brewing Company, Inc. establishment ("Valley Brew").  Defendants Kellie Anne Jacob and Valley Brewing Company, Inc. ("Defendants") oppose the motion (Doc. #38), and Plaintiff has filed a reply (Doc.

1

#40).[1]  For the following reasons, Plaintiff's motion is GRANTED.[2]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's original complaint, filed October 3, 2014, alleges violations of the (1) Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12101 *et seq.*, (2) Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, (3) California Disabled Persons Act, id. §§ 54-54.8, and (4) a cause of action for negligence (Doc. #1).  Defendants filed their answer on June 26, 2015 (Doc. #21).  On December 8, 2015, both parties' experts conducted a site inspection of Valley Brew. Mot. 2:17-20; Opp'n 2:1.  On March 15, 2016, Plaintiff filed the current motion.

II.   OPINION

A.   Legal Standard

In his motion, Plaintiff relies on the standard set out in Federal Rule of Civil Procedure ("Rule") 15(a)(2), which provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, the Court has already issued a PTSO in this matter specifying amendments to the pleadings require a

---

[1] The Court has considered only the first five pages of the late-filed reply brief, as Plaintiff was advised in the Status (Pre-Trial Scheduling) Order (PTSO) that "the Court will not consider any arguments made past the page limit" of five pages for reply memoranda.  PTSO (Doc. #28) at 3:2-3.

[2] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 3, 2016.

1   showing of good cause.

2       Although Rule "15(a) liberally allows for amendments to

3   pleadings," Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th

4   Cir. 2000), this policy does not apply after a district court has

5   issued "a pretrial scheduling order that established a timetable

6   for amending the pleadings, and the deadline ha[s] expired." Id.

7   Rather, parties seeking to amend their pleadings "must show good

8   cause for not having amended their complaints before the time

9   specified in the scheduling order expired." Id. "This standard

10  'primarily considers the diligence of the party seeking the

11  amendment.'" Id. (quoting Johnson v. Mammoth Recreations, Inc.,

12  975 F.2d 604, 609 (9th Cir. 1992)).

13      If good cause exists, parties next must satisfy Rule 15(a).

14  Cf. Johnson, 975 F.2d at 608.  As stated, Rule 15(a)(2) makes

15  clear that courts should "freely give leave when justice so

16  requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit has

17  noted that the policy is one "to be applied with extreme

18  liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d

19  1074, 1079 (9th Cir. 1990).  In exercising their discretion to

20  permit or deny a party to amend its pleading, Ninth Circuit

21  courts consider five factors: (1) whether the amendment was filed

22  with undue delay; (2) whether the movant has requested the

23  amendment in bad faith or as a dilatory tactic; (3) whether the

24  movant was allowed to make previous amendments which failed to

25  correct deficiencies of the complaint; (4) whether the amendment

26  will unduly prejudice the opposing party; and (5) whether the

27  amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182

28  (1962).  Whether amendment will unduly prejudice the opposing

3

party is the most important factor in a court's analysis under Rule 15(a).  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.    Analysis

Plaintiff seeks to amend his Complaint as follows: remove his California Disabled Persons Act and negligence causes of action; include violations discovered after the site inspection; and clarify whether violations occurred before or after a renovation to the Valley Brew property.  Defendants argue in their opposition that Plaintiff does not have standing to sue under the ADA, and therefore, amendment would be futile.

1.    Rule 16

Although the parties do not address Rule 16, the Court must nonetheless first determine whether Plaintiff meets Rule 16's good cause requirement.  The initial Complaint advised Defendants in pertinent part: "Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection."  Compl. ¶ 18.  The site inspection occurred on December 8, 2015, after Plaintiff requested a site inspection as early as January 27, 2015.  Mot. 1:23-25, 2:17-20; Opp'n 2:1.  Thereafter, Defendants' expert issued his report on January 29, 2016, Decl. of Kim Blackseth ¶ 2, and Plaintiff's expert issued his report on February 24, 2016, Decl. of Paul Bishop ¶ 5.  Plaintiff filed this motion on March 15, 2016, which is less than a month after Plaintiff's expert issued his report, and the amendment incorporates information from the reports.  Overall, Plaintiff has established he was diligent in seeking the amendment; accordingly, Plaintiff

4

1  meets Rule 16's good cause requirement.

2          2.    Rule 15

3       Once the movant establishes good cause under Rule 16, the

4  Court will then consider the permissibility of amendment under

5  Rule 15.  Cf. Johnson, 975 F.2d at 608.  On balance, the Rule 15

6  factors favor Plaintiff.  Plaintiff has not previously been

7  granted leave to amend, and for the reasons discussed above, the

8  undue delay factor weighs in favor of granting amendment.

9  Furthermore, nothing in the record supports the conclusion that

10  Plaintiff acted in bad faith in filing this motion.  Nor does it

11  appear to the Court that amendment will unduly prejudice

12  Defendants.

13       Defendants argue, however, that granting leave to amend

14  would be futile.  Proposed amendment to pleading is "futile," and

15  properly denied by a court, "only if no set of facts can be

16  proved under the amendment to the pleadings that would constitute

17  a valid and sufficient claim or defense."  Sweaney v. Ada Cty.,

18  Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997).  Specifically,

19  Defendants contend that Plaintiff has failed to allege "how each

20  of the alleged barriers (new or old) affect[s] his specific

21  disability," and he therefore lacks standing to bring an ADA

22  cause of action.  Opp'n 2:6–8 (emphasis removed).

23       To allege standing in this action, Plaintiff must allege

24  that he has suffered an injury-in-fact, that the injury is

25  traceable to Defendants' actions, and that the injury can be

26  redressed by a favorable decision.  Lujan v. Defs. of Wildlife,

27  504 U.S. 555, 560–61 (1992).  "At the pleading stage, general

28  factual allegations of injury resulting from the defendant's

5

1   conduct may suffice . . . ." <u>Id.</u> at 561.  As relevant here, a

2   disabled person "has suffered an injury-in-fact by encountering a

3   barrier that deprives him of full and equal enjoyment of the

4   facility due to his particular disability."  <u>Chapman v. Pier 1</u>

5   <u>Imports (U.S.) Inc.</u>, 631 F.3d 939, 944 (9th Cir. 2011).  The

6   Ninth Circuit has explained:

7          Once a disabled individual has encountered or become
           aware of alleged ADA violations that deter his
8          patronage of or otherwise interfere with his access to
           a place of public accommodation, he has already
9          suffered an injury in fact traceable to the
           defendant's conduct and capable of being redressed by
10         the courts, and so he possesses standing under Article
           III to bring his claim for injunctive relief forward.
11

12  <u>Doran v. 7-Eleven, Inc.</u>, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008).

13         In his proposed FAC, Plaintiff alleges that he encountered

14  at least eight barriers to access at Valley Brew before the

15  renovation, and he alleges that some barriers remain post-

16  renovation.  <u>See</u> Proposed FAC ¶¶ 9-16, 18-21.  Plaintiff further

17  alleges as follows:

18         The plaintiff frequents the Stockton area on a
           constant and ongoing basis. He has shopped, stayed,
19         eaten and otherwise visited Stockton on scores and
           scores of occasions over the last many years and will
20         continue to do so in the future.  He ate at the Valley
           Brewing Company in April of 2014 and encountered the
21         barriers.  He ate there again in July of 2014 and
           encountered the barriers.  He has been deterred on
22         other occasions since July of 2014 from attempting
           patronage because of his knowledge of the barriers.
23

24         In encountering and dealing with the lack of
           accessible facilities, the plaintiff experienced
25         difficulty and discomfort.

26  Proposed FAC ¶¶ 22-23.  For some of the barriers, Plaintiff also

27  provides a brief description of how the barrier affected him

28  because of his disability.  For example, he alleges that the

1  improperly configured toilet stall was "too small for wheelchair

2  users because the toilet stall door swung into the stall itself

3  and a wheelchair does not have sufficient maneuvering space to

4  close the door while in the stall."  Proposed FAC ¶ 11.  In light

5  of these allegations, the Court finds that Plaintiff's proposed

6  amendments are not futile.  <u>Sweaney</u>, 119 F.3d at 1393 (futility

7  is found where "no set of facts can be proved under the amendment

8  to the pleadings that would constitute a valid and sufficient

9  claim or defense."); <u>see, e.g.</u>, <u>Oliver v. Ralphs Grocery Co.</u>, 654

10 F.3d 903, 907-08 (9th Cir. 2011) (finding plaintiff suffered an

11 injury in fact, where undisputed facts demonstrated plaintiff

12 "had visited the [store] in question at least ten times between

13 October 2007 and August 2008, and that on one of these visits, he

14 discovered that it was difficult to use the accessible stall in

15 the men's restroom").

16

17                         III.   ORDER

18      For the reasons set forth above, the Court GRANTS

19 Plaintiff's Motion for Leave to File a FAC. The Proposed FAC

20 (Doc. #36-2) shall be deemed filed as of the date of this Order.

21 Defendants' responsive pleading shall be filed within twenty days

22 of the date of this Order.

23      As a final matter, Plaintiff's reply is two pages longer

24 than the page limit allowed by the PTSO.  <u>See</u> PTSO 2:22-24.  In

25 accordance with the PTSO, Plaintiff's counsel, Center for

26 Disability Access, is sanctioned in the amount of $100.  <u>Id.</u> at

27 3:1-3 ("A violation of this Order will result in monetary

28 sanctions being imposed against counsel in the amount of $50.00

1  per page . . . .") Plaintiff's counsel is to pay this amount

2  within five days of the date of this Order.

3      IT IS SO ORDERED.

4  Dated: May 9, 2016

5

6                                    _____
                                     JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            8